IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BENJAMIN CARIDAD,

      Plaintiff,                    No. 2:13-cv-0154 EFB P

     vs.

DEAN AGUIRRE, et al.,         <u>ORDER GRANTING IFP AND DISMISSING COMPLAINT WITH LEAVE TO AMEND</u>

      Defendants.
_____/

Plaintiff is confined to Patton State Hospital and proceeds without counsel in an action brought under 42 U.S.C. § 1983. He filed a complaint on January 25, 2013, Dckt. No. 1, and an amended complaint on February 14, 2013. Dckt. No. 6.[1]

Plaintiff has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff has submitted the affidavit required by § 1915(a) showing that he is unable to prepay fees and costs or give security therefor. Accordingly, the request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a). Determining plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if

---

[1] This proceeding was referred by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Having reviewing plaintiff's amended complaint, which supercedes the original complaint, the court finds that it must be dismissed. As defendants, he names Dean Aguirre, Kenneth Rosenfeld, and Javier Pamerno. He alleges he was discharged from parole on June 4, 2009, that he was "coerced into signing a waiver" on July 7, 2009, and that thereafter, he was

denied the right to a speedy trial. Plaintiff alleges that defendants Rosenfeld (a Sacramento public defender) and Aguirre (of Patton State Hospital) "gave false statements."

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

Though plaintiff names Rosenfeld, allegedly a Sacramento public defender as a defendant, a public defender is not a state actor within the meaning of § 1983 when representing a client in the traditional adversarial role of a lawyer. *Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir. 2003). And any potential claims for legal malpractice do not come within the jurisdiction of the federal courts. *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

While civil rights actions filed pursuant to section 1983 are appropriate for challenges to the *conditions* of confinement, challenges in federal court to the *fact or the length of* confinement generally must be raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). Here, it is unclear whether this action sounds in habeas, given that plaintiff may be challenging the fact that he is confined. To the extent that plaintiff intends to bring a civil rights claim alleging an unconstitutional conviction or sentence, he must show that the underlying conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or questioned by the grant of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Plaintiff has not done so in this case.

3

1     Applying these standards to plaintiff's complaint, his allegations are too vague and
2 conclusory to state a cognizable claim for relief.  Although the Federal Rules adopt a flexible
3 pleading policy, a complaint must give fair notice and state the elements of the claim plainly and
4 succinctly.  *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff
5 must allege with at least some degree of particularity overt acts which defendants engaged in that
6 support plaintiff's claim.  *Id*.  Though plaintiff names three defendants, he does not link any of
7 them, through either an act or an omission, to a deprivation of plaintiff's constitutional rights.
8 Because plaintiff fails to state a claim for relief, the complaint must be dismissed.

9     Moreover, venue in this district may not be proper.  A civil action, other than one based
10 on diversity jurisdiction, must be brought in "(1) a judicial district where any defendant resides,
11 if all defendants reside in the same State, (2) a judicial district in which a substantial part of the
12 events or omissions giving rise to the claim occurred, or a substantial part of property that is the
13 subject of the action is situated, or (3) a judicial district in which any defendant may be found, if
14 there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).
15 Though plaintiff's allegations are vague and conclusory, and his intended claims for relief are
16 not clear, he alleges that the events giving rise to his claims occurred at Patton State Hospital.
17 Patton State Hospital, which is in San Bernardino County, California, is in the Eastern Division
18 of the Central District of California.  28 U.S.C. § 84(c).

19     Plaintiff will be granted leave to file an amended complaint, if plaintiff can allege a
20 cognizable legal theory against a proper defendant and sufficient facts in support of that
21 cognizable legal theory.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)
22 (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in
23 their complaints).  Should plaintiff choose to file an amended complaint, the amended complaint
24 shall clearly set forth the claims and allegations against each defendant.  It must also plead facts
25 demonstrating that venue in this district is proper.  Any amended complaint must cure the
26 deficiencies identified above and also adhere to the following requirements:

4

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Accordingly, the court hereby orders that:

1. Plaintiff's request to proceed *in forma pauperis* (Dckt. No. 3) is granted;

2. Plaintiff's first amended complaint is dismissed with leave to amend; and,

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint." Failure to timely file an amended complaint in accordance with this order may result in this action being dismissed.

Dated: May 8, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE